IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                              )<br>                    Plaintiff,      )<br>                                              )<br>vs.                                          )<br>                                              )<br>AUGUST J. DALLAS,              )<br>                                              )<br>                    Defendant.   ) | Case No. 8:06CR78<br><br>ORDER |

This matter came before the court September 20, 2006 for a hearing for consideration of the issue of whether August J. Dallas should be required to receive anti-psychotic medication involuntarily. The government was represented by Christian Martinez, Assistant United States Attorney. Steven E. Achepohl represented the defendant, August Dallas. Dallas appeared by video conference as did the witnesses.

Based upon the evidence adduced at hearing, I find as follows:

1. August J. Dallas is required to receive, involuntarily, anti-psychotic medications which may render him competent to stand trial on two counts of bank robbery, which I determine to be serious offenses.

2. That such treatment is medically appropriate, with a 75% success rate, and if not allowed, could result in permanent damage to Dallas.

3. The proposed medication is substantially unlikely to have any side effects undermining the fairness of the trial or further reducing Dallas' ability to communicate with counsel. Specifically I find treatment with anti-psychotic medication is appropriate and will result in minimal side effects.

4. In this case, anti-psychotic medications represent the least intrusive alternative to further important government trial-related interests, the health of Dallas, and no alternative treatment program is available.

5. Dallas is not a dangerous person and the sole reason for the proposed treatment program is not that he may regain competency and stand trial. On the contrary, the evidence supports a finding that the treatment is medically appropriate and if not followed could result in permanent damage to Dallas.

For the reasons set out above,

**IT IS ORDERED:**

1. That August J. Dallas be required to receive treatment, including the involuntary administration of anti-psychotic medication for his medical well being and to restore his competency to stand trial; and

2. This Order is stayed pending appeal or further order of the court. The ten (10) day appeal time under NeCrimR 57.2 shall begin from the date of the filing of the unredacted transcript.

3. A copy of this Order shall be sent to Dr. Richart DeMier and Dr. Robert Sarrazin at the U.S. Medical Center for Federal Prisoners, P.O. Box 4000, Springfield, Missouri 65801-4000.

Pursuant to NECrimR 57.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) calendar days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order *is clearly erroneous or contrary to law*. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal. *See* NECrimR 57.2(d).

Dated this 21st day of September 2006.

BY THE COURT:

s/ F. A. Gossett
United States Magistrate Judge