IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR78 |
| | ) | |
| Plaintiff, | ) | ORDER FOR PAYMENT |
| | ) | OF EXPERT WITNESS FEES |
| vs. | ) | |
| | ) | |
| AUGUST J. DALLAS, | ) | |
| | ) | |
| Defendant. | ) | |

The matter is before the court on defendant's Motion for Approval of Payment of Expert [60].

The defendant, August J. Dallas, is charged with two counts of bank robbery. On May 11, 2006, the magistrate judge found Dallas to be incompetent to stand trial and entered an order committing him to the custody of the Attorney General for hospitalization and treatment in a suitable facility pursuant to 18 U.S.C. § 4241(d). The subject of the defendant's treatment was reviewed by the court on September 20, 2006, at which time an evidentiary hearing was held as to whether the defendant should be required to receive antipsychotic medication involuntarily. See Sell v. United States, 539 U.S. 166, 180-82 (2003). The matter has been referred to the magistrate judge for supplemental evidentiary proceedings on the Sell issues.

The defendant suffers from paranoid schizophrenia with long-standing fixed delusions. He refuses to take anti-psychotic medication, and the court must now determine whether the administration of a drug or drugs would be substantially likely to render him competent to stand trial.

The Bureau of Prisons has proposed a treatment plan which includes the administration of antipsychotic medications. Defendant suffers from hepatitis, a condition that may be worsened by the proposed medications. The pending issues requiring expert testimony are (a) whether involuntary medication is substantially likely to render the defendant competent to stand trial, and substantially unlikely to have side effects that will interfere significantly with his ability to assist counsel at trial; and (b) whether the

administration of antipsychotic drugs is medically appropriate. See *United States v. Ghane*, 392 F.3d 317, 319 (8th Cir. 2004) (citing *Sell v. United States*, 539 U.S. at 180-82).

## I. PAYMENT FOR SERVICES PROVIDED WITHOUT PRIOR AUTHORIZATION AND IN EXCESS OF LIMIT

The court has been asked to authorize interim payments and to approve payment of $5,010.00 for services already provided by Dr. Bruce Gutnik, a forensic psychiatrist, on behalf of the defendant. The record shows that substitute defense counsel retained Dr. Gutnik to evaluate the defendant and to review the defendant's medical records in conjunction with the *Sell* hearing originally set for December 20, 2006.     Counsel did not obtain prior authorization before retaining Dr. Gutnik; however, pursuant to 18 U.S.C. § 3006A(e)(2)[1], and in the interest of justice, I find that the retention of Dr. Gutnik was necessary for adequate representation.

After careful consideration, I further certify that payment in excess of the $1,600.00 limit is necessary to provide fair compensation for services of an unusual character or duration in this case and that the $5,010.00 amount should be authorized for payment. See 18 U.S.C. 3006A(e)(3).

---

[1] The CJA, 18 U.S.C. § 2000A provides:

(e) Services other than counsel.—
\* \* \* \*

(2) Without prior request.—

(A) Counsel appointed under this section may obtain, subject to later review, investigative, expert, and other services without prior authorization if necessary for adequate representation. Except as provided in subparagraph (B) of this paragraph, the total cost of services obtained without prior authorization may not exceed $500 and expenses reasonably incurred.

(B) The court, or the United States magistrate judge (if the services were rendered in a case disposed of entirely before the United States magistrate judge), may, in the interest of justice, and upon the finding that timely procurement of necessary services could not await prior authorization, approve payment for such services after they have been obtained, even if the cost of such services exceeds $500.

(3) Maximum amounts.— Compensation to be paid to a person for services rendered by him to a person under this subsection, or to be paid to an organization for services rendered by an employee thereof, shall not exceed $1,600, exclusive of reimbursement for expenses reasonably incurred, unless payment in excess of that limit is certified by the court, or by the United States magistrate judge if the services were rendered in connection with a case disposed of entirely before him, as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit. The chief judge of the circuit may delegate such approval authority to an active circuit judge.

**Counsel shall obtain prior approval from the court before incurring any further expenses exceeding the amount of $500.00.**

## II. INTERIM PAYMENTS

Because of the expected length of the competency proceedings in this case, and the anticipated hardship on persons providing services pursuant to subsection (e) of the Criminal Justice Act for such a period without compensation, in accordance with paragraph 3.06 A of the Guidelines for the Administration of the Criminal Justice Act, the following procedures for interim payments shall apply during the period of time in which Dr. Gutnik provides services in connection with this case:

**1. Submission of Vouchers.** Counsel shall submit to the court clerk, once each ninety (90) days after the date of this order, an interim CJA Form 21, "Authorization and Voucher for Expert and Other Services." Compensation earned and reimbursable expenses incurred from the first to the last day of each month shall be claimed on an interim voucher submitted no later than the twentieth day of the following month, or the first business day thereafter. I note that counsel has already submitted a first interim voucher for all compensation claimed and reimbursable expenses incurred from December 20, 2006 through February 7, 2007. Subsequent vouchers shall be submitted once each ninety day period according to the schedule outlined above. Counsel or the Claimant shall complete Item 17 on the form for each interim voucher. Each interim voucher shall be assigned a number when processed for payment. Interim vouchers shall be submitted in accordance with this schedule even though little or no compensation or expenses are claimed for the respective period. All interim vouchers shall be supported by detailed and itemized time and expense statements.

The court will review the interim vouchers when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for 80 percent of the approved number of hours. This compensation will be determined by multiplying 80 percent of the approved number of hours by the applicable rate. The court will also authorize for payment all reimbursable expenses reasonably incurred.

At the conclusion of the period during which Dr. Gutnik provides services in this case, counsel shall submit a final voucher seeking payment of the 20 percent balance withheld from the earlier interim vouchers, as well as payment for services rendered during the final interim period. The final voucher shall set forth in detail the time and expenses claimed for the entire case, including all appropriate documentation. A statement should be attached to the voucher which reflects all compensation and reimbursement previously received, as well as the net amount remaining to be paid at the conclusion of the case. After reviewing the final voucher, I will submit it to the chief judge of the circuit, or his or her delegate, for review and approval.

### 2. Reimbursable Expenses

Persons providing services pursuant to 18 U.S.C. § 3006A(e) may be reimbursed for out-of-pocket expenses reasonably incurred incident to the rendering of services. The following guidelines may be helpful:

a. Case related travel by privately owned automobile should be claimed at the rate of **48.5** cents per mile, plus parking fees, ferry fares, and bridge, road and tunnel tolls. Transportation other than by privately owned automobile should be claimed on an actual expense basis. Air travel in "first class" is prohibited. For service providers requiring air travel, counsel are encouraged to contact the clerk for air travel authorization at government rates.

b. Actual expenses incurred for meals and lodging while traveling outside of the Omaha, Nebraska metropolitan area in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expenses for federal judiciary employees in accordance with existing government travel regulations. For specific details concerning high cost areas, counsel should consult the clerk.

c. Telephone toll calls, telegrams, photocopying, and photographs can all be reimbursable expenses if reasonably incurred. However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable

expense, nor are items of a personal nature. In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Fed. R. Crim. P. 17 and 28 U.S.C. § 1825.

### 3. Further Questions or Guidance

Answers to questions concerning services provided pursuant to the Criminal Justice Act can generally be found in (1) 18 U.S.C. §3006A; (2) the Plan of the United States District Court for the District of Nebraska, available through the clerk or on the court's web site (www.ned.uscourts.gov), and (3) Guidelines for the Administration of the Criminal Justice Act, published by the Administrative Office of the U.S. Courts, also available through the clerk. Should these references fail to provide the desired clarification or direction, counsel should address their inquiry directly to me or my staff.

### IT IS ORDERED:

1. Defendant's Motion for Approval of Payment of Expert [60] is granted; and

2. Counsel shall obtain prior approval from the court before incurring any further expenses exceeding the amount of $500.00.

DATED  4/5/07  .

BY THE COURT:

*Laurie Smith Camp*
United States District Judge

APPROVED  *Future services approved @ $300/hr only.*

*James B. Loken*  4/16/07

Chief Judge, United States Court of Appeals for the Eighth Circuit

-5-