IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR69 |
| | ) | CASE NO. 8:06CR78 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| AUGUST J. DALLAS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the following: (1) the Report and Recommendation (8:06CR78, Filing No. 101; 8:04CR69, Filing No. 73) issued by Magistrate Judge F.A. Gossett recommending that his findings and directions be adopted and ordering that the Defendant, August J. Dallas, be committed to the Attorney General under 18 U.S.C. § 4245(d); and (2) the Defendant's objections to the Report and Recommendation and Order (8:06CR78, Filing No. 107).[1] The government filed a brief in response to the Defendant's objections. (8:06CR78, Filing No. 112.) The Defendant supported his objections with briefs (8:06CR78, Filing Nos. 108, 118).[2] The government filed responsive briefs (8:06CR78, Filing Nos. 112, 119).  Also pending are petitions alleging violations of the Defendant's pretrial release (8:06CR78, Filing No. 80) and supervised release (8:04CR69, Filing Nos. 36, 54).

**FACTUAL BACKGROUND**

**8:04CR69**

In 8:04CR69, Dallas pleaded guilty to two counts of bank robbery. (Filing Nos. 26, 27.) He was sentenced to two concurrent sentences of 24 months imprisonment followed

---

[1]Objections were not filed in 8:04CR69.

[2]The brief filed at Filing No. 118 was in support of amended objections. The Court notes that amended objections were not filed. The absence of amended objections does not affect the Court's decision.

by two concurrent terms of 3 years supervised release. (Filing No. 34.) Dallas's supervised release term began on December 23, 2005. (Filing No. 36.) The allegations of Count I of the Indictment in 8:06CR78 as well as another alleged violation of his supervised release led to the February 24, 2006, filing of a Petition for Offender Under Supervision in 8:04CR69. (Filing No. 36.) On December 27, 2007, Dallas was released on conditions.[3] (Filing No. 50.) On March 21, 2008, another Petition for Offender Under Supervised Release was filed. (Filing No. 54.) On March 26, 2008, Judge Gossett granted the government's motion for psychiatric evaluation under 18 U.S.C. § 4241, ordering that Dallas be evaluated locally by Dr. Bruce Gutnik and a psychiatrist of the government's choice. (Filing No. 61.) Those evaluations resulted in a July 1, 2008, hearing and Judge Gossett's Report and Recommendation and Order considered in this Memorandum and Order. (Filing Nos. 68, 73.)

**8:06CR78**

In 8:06CR78, Dallas was charged in an Indictment with two counts of bank robbery. (Filing No. 1.)[4] He was found incompetent to stand trial and committed for treatment under 18 U.S.C. § 4241(d). (Filing No. 22.) After a "*Sell* hearing,"[5] Judge Gossett ordered that

---

[3]The Court notes that the Magistrate Judge took "judicial notice" of the Springfield competency evaluation sent to the Magistrate Judge on November 23, 2007; however, the evaluation is not in the record.

Additional details regarding the order of release are discussed below in conjunction with the discussion of case no. 8:06CR78.

[4]All further citations to the record are to 8:06CR78, unless otherwise noted.

[5]In *Sell v. United States,* 539 U.S. 166 (2003), the Supreme Court determined that, unless a defendant is a danger, forcible medication with anti-psychotic drugs would violate the defendant's Fifth Amendment rights. *Id.* at 180-86.

Dallas receive involuntary anti-psychotic medication. (Filing No. 29.) On appeal, this Court remanded the *Sell* issue for additional evidence. (Filing No. 34.) After an additional hearing, Judge Gossett recommended that involuntary administration of anti-psychotic medication not be allowed. (Filing No. 71.) This Court adopted Judge Gossett's Report and Recommendation. (Filing No. 75.) On December 27, 2007, Judge Gossett released Dallas on conditions that included that he not possess or use alcohol or controlled substances unless prescribed. (Filing No. 78, additional conditions 7(m) & (n).) On March 28, 2008, a Petition for Action on Conditions of Pretrial Release was filed, alleging that Dallas admitted to violating additional conditions 7(m) and 7(n) by consuming alcohol on three occasions and using cocaine during the weekend of March 15 and 16, 2008. (Filing No. 80.) An arrest warrant was issued and executed. (Filing No. 83.) Judge Gossett ordered under 18 U.S.C. § 4241 that Dallas be evaluated by Bruce Gutnik, M.D., and also by a psychiatrist to be named by the government. (Filing No. 84.)

**8:04CR69 AND 8:06CR78**

Generally, a defendant is at a medical detention facility after a competency examination and, if applicable, the director of the facility issues a certificate of dangerousness under 18 U.S.C. § 4246(a) required for the district court to engage in a dangerousness hearing under § 4246(a). However, in Dallas's case he had been released from the federal medical detention facility on a certificate of non-dangerousness noting, however, that use of controlled substances would increase the risk of violence. When Dallas came before Judge Gossett on allegations that he violated his pretrial release and supervised release, the government asked that Dallas be returned to the Springfield Bureau of Prisons medical facility for additional evaluation. However, because this Court

3

had been critical of doctors at Springfield, Judge Gossett ordered that Dallas be examined locally and each party was allowed to have its own expert examine Dallas.  Under those circumstances, no director of a facility was able to provide a certificate of dangerousness, if applicable.  The government submitted Dr. Davis's report, suggesting that it was the equivalent of a director's certificate.  This matter then proceeded, without a certificate of dangerousness, to a hearing under § 4246 before Judge Gossett that resulted in the Report and Recommendation now before this Court.

After a hearing that included oral testimony by both examining psychiatrists, Judge Gossett issued the Report and Recommendation considered in this Memorandum and Order.  (Filing No. 101.)  Judge Gossett made oral findings of fact and conclusions of law and brief written findings and conclusions.  (Filing No. 102, at 113-17; Filing No. 101.)  Judge Gossett concluded that Dallas "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that defendant should be committed to the custody of the Attorney General."  (Filing No. 101.)  Judge Gossett ordered and recommended under 18 U.S.C. § 4246(d) that the Attorney General release Dallas to the appropriate state official if the state will assume the responsibility for Dallas's custody, care and treatment.  If the appropriate state would not assume that responsibility, the Attorney General was ordered to hospitalize Dallas for treatment until the state assumed responsibility; or "the defendant's mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would create a substantial risk of bodily injury to another person or

4

serious damage to property of another; whichever is earlier." Judge Gossett ordered that annual reports be submitted under 18 U.S.C. § 4247(e)(1)(B).  (Filing No. 101.)

## STANDARD OF REVIEW

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court must make a *de novo* determination of those portions of the report, findings, and recommendations to which the Defendant has objected.  The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations.  The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

### ORDER

Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court shall review Judge Gossett's order and determine whether the ruling on this matter is "clearly erroneous or contrary to law."

## ANALYSIS

### OBJECTIONS

Dallas objects to the following "findings and recommendations" in Judge Gossett's "Report and Recommendation and Order":

- clear and convincing evidence exists that Dallas's "release would create a substantial risk of bodily injury to another or serious property damage to property of another";
- that Dallas "should be committed indefinitely to the custody of the Attorney General"; and

5

- "all portions of the proposed findings and recommendations . . . that relate" to the above-described findings and recommendations.

Because of the structure of the oral findings of fact and conclusions of law, the Report and Recommendation and Order, and the breadth of the final objection to all "findings and recommendations," the Court considers Dallas's objection as an objection to the entire report and recommendation and an appeal from Judge Gossett's order. The primary issue[6] has evolved into the following: whether the Court may engage a dangerousness determination under 18 U.S.C. § 4246(a) & (c) absent the issuance of a certificate of dangerousness under § 4246(a) by the director of the medical facility. Under § 4246(a), only if that certificate is received by the clerk of this Court may the Court conduct a dangerousness hearing under § 4246(a).

In the similar case of *Bonin,* Bonin was found incompetent to stand trial. The court ordered that he be evaluated to determine whether he might become competent in the foreseeable future and proceed to trial. The evaluating doctor found that Bonin presented a risk to the victim of the offense. However, the facility found Bonin competent to stand trial and released him. No certificate of dangerousness was issued. Bonin was then arrested on a petition alleging that he violated the terms of his pretrial release. The court reaffirmed the finding of incompetence and sua sponte ordered that Bonin be evaluated regarding dangerousness. A local psychiatrist evaluated Bonin. After holding a dangerousness hearing, the district court committed Bonin as a danger under § 4246(d).

---

[6]The issues before the Court became additionally complicated by the recent remanding by the Fifth Circuit Court of Appeals of a factually similar case initially relied upon by the government. *United States v. Bonin,* __ F.3d __, 2008 WL 3843081 (5th Cir. Aug. 19, 2008).

On appeal, the Fifth Circuit concluded that ignoring § 4246(a)'s requirement of a certificate of dangerousness was error. *Bonin,* 2008 WL 3843081, at *1.

The Court agrees with the Fifth Circuit that "[s]ection 4246(a) establishes the director's certification as a necessary prerequisite to a dangerousness hearing; without certification, a court ordinarily lacks statutory authority to conduct the hearing." *Id. See also United States v. Lapi,* 458 F.3d 555, 562 (7th Cir. 2006) (absent a § 4246(a) certificate a district court has no authority to conduct a dangerousness hearing); *Weber v. United States District Court,* 9 F.3d 76, 79 (9th Cir. 1993) (same conclusion); *United States v. Baker,* 807 F.2d 1315, 1324 (6th Cir. 1986) (same conclusion). Accordingly, the Court finds that Dallas must be committed temporarily to the custody of the Attorney General in the federal medical facility in Springfield, Missouri, under 18 U.S.C. §§ 4241 and 4247(b), so that the director of the facility may determine whether a certificate should issue under § 4246(a), considering in particular the allegations that resulted in the filing of the Petitions alleging violations of Dallas's pretrial and supervised release. The Petitions alleging pretrial and supervised release violations are held in abeyance pending further proceedings.

## CONCLUSION

For the reasons discussed, the Court concludes that the Report and Recommendation should be overruled, and the objections granted insofar as they are consistent with this Memorandum and Order.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation and Order (8:06CR78, Filing No. 101; 8:04CR69, Filing No. 73) is overruled;

7

2. The Defendant's objections to the Report and Recommendation and appeal from the Order (8:06CR78, Filing No. 107) are granted insofar as they are consistent with this memorandum and order, and otherwise they are denied;

3. The Defendant, August J. Dallas, is committed to the custody of the Attorney General under 18 U.S.C. §§ 4241 and 4247(b), so that the director of the Federal Medical Facility at Springfield, Missouri, or another suitable facility, may determine whether a certificate should issue under 18 U.S.C. § 4246(a);

4. The director of the facility must submit to the undersigned a § 4246(a) certificate, or a statement indicating that a § 4246(a) certificate will not be issued, within 30 days of the Defendant's arrival at the facility. Once the Court receives the certificate or statement, the Court will immediately provide the evaluation to counsel of record;

5. The United States Marshal must immediately, without delay, transport the Defendant to the Springfield, Missouri, facility, or other suitable facility as identified by the Attorney General of the United States, in accordance with this order, at no cost to the Defendant;

6. The petitions alleging violations of the Defendant's pretrial release (8:06CR78, Filing No. 80) and supervised release (8:04CR69, Filing Nos. 36, 54) are held in abeyance;

7. In 8:06CR78, speedy trial is excluded under 18 U.S.C. § 3161(h)(1)(A) & (h)(4).

DATED this 9th day of September, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge