## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **8:04CR69** |
| | ) | **8:06CR78** |
| vs. | ) | |
| | ) | **FINDINGS AND** |
| AUGUST J. DALLAS, | ) | **RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

Oral argument was held November 13, 2009 on the government's "Motion for New Competency Evaluation" (Filing 121), the defendant's objection thereto (Filing 124), and the defendant's "Motion to Dismiss Indictment" (Filing 128).  The defendant, August Dallas, participated by video conference.  The court has taken judicial notice of the contents of both court files and recommends that both motions be denied.

## BACKGROUND

In Case No. 8:04CR69, the defendant pled guilty to two counts of bank robbery by force or violence and was sentenced to 24 months on each count, to run concurrently; 3 years supervised release with special conditions on each count, to run concurrently; a $200 special assessment; and $5,701.66 in restitution.  On February 24, 2006, the U.S. Probation Office filed a petition for an arrest warrant in Case No. 8:04CR69, alleging that Mr. Dallas had violated his conditions of supervised release by robbing another bank on February 20, 2006.  Mr. Dallas is currently charged with the February 20, 2006 bank robbery in Case No. 8:06CR78.

The last activity of record in these cases is Judge Smith Camp's order of September 9, 2008, which provided:

> 3.   The Defendant, August J. Dallas, is committed to the custody of the Attorney General under 18 U.S.C. §§ 4241 and 4247(b), so that the director of the Federal Medical Facility at Springfield, Missouri, or another suitable facility, may determine whether a certificate should issue under 18 U.S.C. § 4246(a);

> 4.   The director of the facility must submit to the undersigned a § 4246(a) certificate, or a statement indicating that a § 4246(a) certificate will not be issued, within 30 days of the Defendant's arrival at the facility. Once the Court receives the certificate or statement, the Court will immediately provide the evaluation to counsel of record;

> 5.   The United States Marshal must immediately, without delay, transport the Defendant to the Springfield, Missouri, facility, or other suitable facility as identified by the Attorney General of the United States, in accordance with this order, at no cost to the Defendant;

> 6.   The petitions alleging violations of the Defendant's pretrial release (8:06CR78, Filing No. 80) and supervised release (8:04CR69, Filing Nos. 36, 54) are held in abeyance[.]

The undersigned has received no information as to whether the Director or the U.S. Marshal complied with the order.  In any event, both files were inactive for approximately one year, at which time the United States filed its motion for a new competency hearing.  The motion alleges that Mr. Dallas "had been found to be a danger and was subsequently subjected to a civil commitment in the Western District of Missouri pursuant to 18 U.S.C. § 4246."[1]

---

[1]Court records found on PACER show that counsel for the U.S. Medical Center for Federal Prisoners Legal Department filed a Petition to Determine Present Mental Condition of an Imprisoned Prisoner on

The factual basis for the government's motion is that the attorney advisor for the Federal Medical Center in Springfield, Missouri advised the U.S. Attorney's Office that the defendant's mental health has improved to the point where he is eligible for a conditional release; it is possible the defendant may be competent to stand trial.  An unidentified caseworker at the Federal Medical Center reportedly told the defendant's Nebraska probation officer that the defendant has been voluntarily taking medication that has improved his mental health to the point where he is being considered for conditional release.

## LEGAL ANALYSIS

### A.  Motion for Competency Hearing

The Eighth Circuit explained in *United States v. Ferro*, 321 F.3d 756, 760-61 (2003), that 18 U.S.C. § 4241 establishes a three-part scheme for determining mental competency to stand trial.  First, the district court must first determine, by a preponderance of the evidence, whether the defendant suffers from a "mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a) & (d). Second, if the district court finds that the defendant lacks sufficient mental competency to proceed to trial, the court must "commit the defendant to the custody of the Attorney General."  The Attorney General must, in turn, "hospitalize the defendant for treatment ... for

---

December 5, 2008, in the Western District of Missouri, Case No. 6:08-cv-03444-RED.  The case was closed on February 27, 2009.  The record, however, was sealed and the actual outcome of that proceeding remains a mystery to this court.

such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed ...." 18 U.S.C. § 4241(d)(1). Third, if it becomes apparent that the defendant will not attain sufficient capacity to proceed to trial, a "dangerousness hearing" is conducted in accordance with the provisions of the civil commitment statute, 18 U.S.C. § 4246, to determine if the defendant would pose a "substantial risk of bodily injury to another person or serious damage to property of another" upon release. *See* § 4241(d) (referring to 18 U.S.C. § 4246(a)). A civil commitment proceeding under 18 U.S.C. § 4246 is completely separate from the criminal prosecution and the § 4241 proceeding initiated in the criminal case. *See United States v. Lapi*, 458 F.3d 555, 560 (7th Cir. 2006); *United States v. Hoskie*, 950 F.2d 1388, 1394 (9th Cir. 1991).

In this case, it is alleged that the § 4246 "dangerousness" hearing was conducted by another court. Assuming, without deciding, that the other court civilly committed the defendant to the custody of the Attorney General pursuant to 18 U.S.C. § 4246(d), and no State will assume the responsibility for the defendant's treatment, the Attorney General is required to hospitalize the defendant for treatment in a suitable facility until his mental condition "is such that his release or his conditional release ... would not create a substantial risk of bodily injury to another person or serious damage to property of another[.]" 18 U.S.C. § 4246(d)(2). Under 18 U.S.C. § 4246(e), if the director of the treatment facility determines that the defendant "has recovered from his mental disease or defect to such an extent that his

-4-

release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another," the director must "promptly" file a certificate to that effect with the clerk of the court that ordered the commitment.

This court did not order the defendant's commitment pursuant to § 4246(d), and the director of the facility in which the defendant is currently being treated has no statutory duty to provide this court with any information whatsoever. The court can only presume that the United States will be timely informed if the defendant is released from the treatment facility by the other court pursuant to § 4246(e).

Three petitions remain pending against the defendant in this district – a Petition for Action on Conditions of Pretrial Release (Filing 80) in Case No. 8:06CR78, and two supervised release petitions (Filings 36 & 54) in Case No. 8:04CR69. If the other court does order the defendant released pursuant to § 4246(e), the defendant is still subject to all three petitions. A competency finding is not static. *See United State v. Ghane*, 490 F.3d 1036, 1041 (8th Cir. 2007). The petitions fall within the purview of Fed. R. Crim. P. 12.2(c), which clearly allows this court to conduct competency proceedings in the criminal cases pending before it.

The United States did not offer any evidence establishing the defendant's current whereabouts or condition. I see no utility in conducting another competency hearing in this district until the other court orders the defendant released from the treatment facility.

I recommend that the motion for a new competency evaluation be denied without prejudice to reassertion after the defendant is released from the treatment facility upon the condition that the United States also provides the court and opposing counsel with all relevant records from the § 4246 proceeding at the time such motion is filed.

### B.  Motion to Dismiss Indictment

Mr. Dallas now contends the indictment in 8:06CR78 should be dismissed because he was indicted over three years ago and he has been in federal custody for the entire time, except for a brief period when he was on conditional release.[2]  He advises the court there is "significant reason to believe" that he was insane at the time of the alleged offense, he would be found not guilty by reason of insanity, and such an outcome is "inevitable."

Mr. Dallas further states that he is still incompetent to stand trial; however, he admits that his condition improved after he began voluntarily taking the antipsychotic drugs that were the subject of a protracted *Sell* proceeding that ran from approximately July 2006 through September 27, 2007.  The result of the *Sell* proceeding was that the treatment facility was forbidden to administer antipsychotic medications without the defendant's consent, due to the defendant's Hepatitis B condition and the likelihood that the proposed medications would further damage the defendant's liver.

---

[2]The defendant was released on bond on December 27, 2007, but was arrested on or about March 24, 2008 when his probation and pretrial services officers reported that he had been using cocaine and alcohol.

The defendant essentially advises in his Motion to Dismiss that, after prevailing on the *Sell* issues in September 2007, he voluntarily took the antipsychotic medication(s) that the institution was forbidden to forcibly administer, and they have improved his mental condition. Apparently, the defendant intends to stop taking the helpful medications if these criminal proceedings go forward. He now states he is not medically able to take antipsychotic drugs throughout the criminal proceeding and characterizes the government's position as "opportunistic and a gross miscarriage of justice." The defendant's motion does not contemplate the possibility that new evidence material to the determination of his competency may have been generated after the court's September 27, 2007 ruling on the *Sell* issues.

The defendant presented no evidence as to his current physical and mental condition and did not file any brief[3] in support of his motion to dismiss. It would be pointless for this court to consider the parties' legal arguments in an evidentiary vacuum.

## RECOMMENDATION

The record is insufficient to thoroughly consider, much less grant, the relief sought by either party.

**IT IS RECOMMENDED:**

1. that the government's "Motion for New Competency Evaluation" (Filing 121) be denied and the defendant's objection thereto (Filing 124) be denied as moot; and

---

[3]Under NECrimR 12.3(b)(1), the court may treat a party's failure to file a brief as an abandonment of the motion.

-7-

2.   that the defendant's "Motion to Dismiss Indictment" (Filing 128) be denied.

A party may object to the magistrate judge's findings and recommendation by filing an "Objection to Magistrate Judge's Findings and Recommendation" within 14 days after being served with the findings and recommendation.  The objecting party must comply with all requirements of NECrimR 59.2.

**DATED December 4, 2009.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**

-8-